UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00110-JPH-DML |
| | ) | |
| WAYNE ERVIN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00110-JPH-DML |
| | ) | |
| WAYNE ERVIN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Wayne Ervin has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 56. For the reasons explained below, his motion for compassionate release is **denied**.

## I. Background

In August 2020, Mr. Ervin pled guilty to one count of possession with intent to distribute 500 grams or more of methamphetamine mixture in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1). Dkt. 47 at 1. According to the presentence investigation report, in 2018, Mr. Ervin was serving a sentence supervised by Marion County Community Corrections ("MCCC") at his home in Indianapolis, Indiana. Dkt. 40 at 5. In November 2018, law enforcement officers conducted a search of Mr. Ervin's home to ensure compliance with MCCC. *Id.* During the search, the officers located 723.15 grams of methamphetamine and

a firearm. *Id.* Mr. Ervin admitted to ownership of the methamphetamine and firearm. *Id.*

Mr. Ervin faced a guidelines range of 262 to 327 months of imprisonment. Dkt. 40 at 16. The Court sentenced him to 180 months of imprisonment to be followed by five years of supervised release. Dkt. 47 at 2–3.

The Bureau of Prisons ("BOP") currently reports Mr. Ervin's anticipated release date as December 18, 2032. *See* https://www.bop.gov/inmateloc/ (last visited October 16, 2026).

Mr. Ervin has filed a renewed motion for compassionate release after the Court denied his first motion on February 2, 2024. Dkt. 55. Mr. Ervin argues that that he establishes extraordinary and compelling reasons for compassionate release because (1) his mother has serious medical issues and he is her only available caretaker and (2) § 922(g) is unconstitutional and, given that he was convicted under this statue, Mr. Ervin received an unusually long sentence. Dkt. 56.. The Court has concluded it can resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have

broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has issued a policy statement identifying several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court starts with Mr. Ervin's claim that he needs to provide care for his mother. Under the current sentencing guidelines, one of the enumerated grounds for relief related to family circumstances is "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Mr. Ervin has submitted an affidavit, signed by him and Kelli Torrence, his mother,[1] in which he states that his 66-year-old mother has the following issues: (1) unnamed medical issues related to exposure to black mold, (2) blindness in one eye, (3) a need for surgery on her rotator cuff, (4) knee deterioration, and (5) high blood pressure. Dkt. 56-1 at 1. He further states that she receives social security disability benefits, carries an EpiPen, and is unable to drive herself to medical appointments. *Id.* Mr. Ervin

---

[1] The Court notes that while a sworn declaration may be considered competent evidence, it should be the sworn statement of *one* declarant, not two. Given Mr. Ervin's pro se status, the Court will consider the contents of the affidavit.

states that before his incarceration, he served as his mother's caregiver for these various health issues. *Id.* The Court assumes without deciding that Ms. Torrence's various health issues qualify her as being incapacitated. However, similar to his first request for compassionate release to care for his children and grandparents, *see* dkt. 55 at 4-5, Mr. Ervin offers no evidence that he is the only available caregiver for his mother. Indeed, according to the Presentence Investigation Report, Mr. Ervin's mother, as well as his has four siblings, live in Indianapolis. Dkt. 40 at 13. Two of his siblings are maternal half-siblings. *Id.* Mr. Ervin has not provided any evidence that one of his siblings cannot care for his mother. As such, the Court declines to exercise its discretion to find that Mr. Ervin has met his burden to establish that care for his mother is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factors.

Next, Mr. Ervin argues that he received an "unusually long sentence" because he was convicted under § 922(g), which he states is unconstitutional. To support this assertion, Mr. Ervin cites *United States v. Taylor*, Case No. 23-cr-40001-SMY, 2024 WL 245557 (S.D. Ill. 2024), in which the defendant's motion to dismiss his indictment for being a felon in possession of a firearm was granted in light of *New York States Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Dkt. 56 at 10-11. But *Taylor* was vacated and remanded by the Seventh Circuit based on a trio of cases—*United States v. Prince*, 171 F.4th 1009 (7th Cir. 2026), *United States v. Watson*, 171 F.4th 1012 (7th Cir. 2026), and *Karwacki v. Kaul*, 171 F.4th 1006 (7th Cir. 2026)—in which the Seventh Circuit held that §

922(g) was not unconstitutional. *See United States v. Taylor*, 2026 WL 1552108 (7th Cir. 2026). Regardless, a motion under for compassionate release under § 3582(c)(1)(A) is not the appropriate forum to argue the validity of a statue of conviction. *Fernandez v. United States*, 608 U.S. 411, 146 S. Ct. 1292, 1307 (2026). Therefore, this claim cannot form an extraordinary and compelling reason for compassionate release.

Even if the Court were to decide that Mr. Ervin had an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A), the Court would nevertheless find that Mr. Ervin is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553(a) do not weigh in his favor.[2]

The Court previously concluded that Mr. Ervin's criminal history and the seriousness of his crime (including that it was committed while he was on supervised release), outweighed his rehabilitative efforts. Dkt. 55 at 5–6. While the Court commends Mr. Ervin for continuing those efforts, it relies on its

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

previous reasoning and the fact that Mr. Ervin still has six years left on his sentence.

In light of these considerations, the Court finds that releasing Mr. Ervin now would not: reflect the seriousness of his offenses; promote respect for the law; provide just punishment for his offenses; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

## III. Conclusion

For the reasons stated above, Wayne Ervin's motion for compassionate release, dkt. [56], is **denied**. Mr. Ervin's motion requesting status of case, dkt. [59], is **granted** consistent with the issuance of this Order.

**SO ORDERED.**

Date: 10/26/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

DISTRIBUTION:

Wayne Ervin
Reg. No. 16840-028
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

All Electronically Registered Counsel